UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

LYUBOV GROYSMAN,

                              Petitioner,

                                                                          **MEMORANDUM & ORDER**
                v.                                                                16-CV-4218 (PKC)

MAUREEN P. BAIRD,
     Warden, FCI Danbury,

                              Respondent.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On July 20, 2016, Lyubov Groysman ("Groysman"),[1] a sentenced criminal defendant who is in federal custody at FCI Danbury, acting *pro se*, filed a motion challenging the Residential Reentry Center ("RRC") placement decision made for her by the Bureau of Prisons ("BOP"), which provides for Petitioner to be transferred to an RRC for a 120-day term on September 28, 2016. Groysman seeks to have the Court recommend that Groysman's RRC term be extended to "6 months or greater."[2] (Dkt. 446 at 1.) Because there is no indication that Groysman has

---

      [1] Groysman filed this petition, styled as a "Motion for RRC Placement Recommendation," in her underlying criminal case, *United States v. Groysman*, 10-CR-459. However, because, as discussed *infra*, the proper vehicle for Groysman's challenge to her Residential Reentry Center determination is a *habeas* petition pursuant to 28 U.S.C. § 2241, the Court requested that the Clerk's Office refile this motion as a separate civil action, and to re-caption this matter as reflected above, naming Groysman as Petitioner and the Warden of FCI Danbury as Respondent.

      [2] Though Groysman only requests that her RRC term be lengthened, a term of six months or more would necessarily result in an earlier transfer date. Indeed, because Groysman is due to be released from BOP custody on January 28, 2017, *see* https://www.bop.gov/inmateloc/ (Reg. No. 78273-053) (last visited July 29, 2016), she would have to be transferred immediately to an RRC if her term were extended to six months or more.

exhausted her administrative remedies, the Court denies her request, with leave to renew, upon a showing that she has fully exhausted those remedies.[3]

## BACKGROUND

On January 12, 2015, Groysman pled guilty to conspiring to engage in health care fraud. On March 17, 2015, she was sentenced to a term of two years' incarceration and three years' supervised release. Groysman began serving her sentence on or about May 4, 2015, or approximately 15 months ago. According to Groysman, "[t]he initial request for Residential Reentry Center term constituted 90 to 120 days." (Dkt. 446 at 1.)[4] Thereafter, the BOP granted Groysman an RRC term of 120 days to begin on September 28, 2016. (*Id.*)

## DISCUSSION

### I. <u>Exhaustion Requirement for Section 2241 Petition</u>

Though filed as a motion in her underlying criminal case, Groysman's challenge to the BOP's RRC determination is, in reality, a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (construing inmate's *habeas* petition filed under 28 U.S.C. § 2255 challenging prison disciplinary sanctions as a *habeas* petition under 28 U.S.C. § 2241); *Grant v. Terrell,* 10-CV-2769, 2014 WL 2440486, at *1 (E.D.N.Y. May 29, 2014) ("Under 28 U.S.C. § 2241, an application for a writ of habeas corpus is available 'to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction.'") (quoting *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)). "Matters that may be challenged pursuant

---

[3] Given this clear procedural defect and the limited amount of time to resolve Groysman's application – *i.e.*, Groysman is scheduled to enter the RRC on September 28, 2016 – the Court has not yet directed the government to respond.

[4] Though it is not clear from Groysman's application, it appears that FCI Danbury made this initial request for an RRC of 90 to 120 days. (*Id.*)

2

to § 2241 include 'the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, *prison transfers*, type of detention and prison conditions.'" *Grant*, 2014 WL 2440486, at *1 (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)) (emphasis added); *see also Mueses v. Terrell*, No. 10-CV-1701, 2010 WL 4365520 (E.D.N.Y. Oct. 27, 2010) (§ 2241 petition challenging BOP's RRC determination); *Owusu-Sakyi v. Terrell*, No. 10-CV-507, 2010 WL 3154833 (E.D.N.Y. Aug. 9, 2010) (same). The Court accordingly construes Groysman's motion as a § 2241 *habeas* petition challenging the conditions of her confinement, namely, the BOP's RRC determination of 120 days with a transfer date of September 28, 2016.

"[A] prerequisite to obtaining federal habeas relief pursuant to 28 U.S.C. § 2241 is the exhaustion of administrative remedies." *Owusu-Sakyi*, 2010 WL 3154833, at *3 (citing *Carmona*, 243 F.3d at 634). "Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the court that the failure to exhaust should be excused." *Id.*; *see Mueses*, 2010 WL 4365520, at *2. However, the Court may excuse the failure to exhaust under certain circumstances, including where exhaustion would have been futile or where the prescribed administrative procedures could not have provided the requested relief. *See Owusu-Sakyi*, 2010 WL 3154833, at *3, *Mueses*, 2010 WL 4365520, at *2; *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009) (finding that failure to exhaust administrative remedies can be excused "when such exhaustion would be futile or where the agency has predetermined the issue before it").

Inmates challenging conditions of confinement must exhaust their administrative remedies through the BOP's Administrative Remedy Program ("Program"), which allows inmates to seek formal review of issues relating to any aspect of their confinement. *Grant*, 2014 WL 2440486, at *4; *Owusu-Sakyi*, 2010 WL 3154833, at *3, *Mueses*, 2010 WL 4365520, at *2; *Lopez v. Terrell*,

3

697 F.Supp.2d 549, 555-56 (S.D.N.Y. 2010); *see also* 28 C.F.R. §§ 542.10-19. "Specifically, inmates must exhaust each of four steps in the Program: (1) attempting to resolve the issue informally…; (2) submitting a formal written Administrative Remedy Request to the institution at which the inmate is housed within twenty days of the date on which the basis for the complaint occurred…; (3) appealing an unfavorable decision at the institutional level to the Regional Director of the BOP within twenty calendar days of the date the warden signed the response…; and (4) appealing an unfavorable decision at the regional level to the BOP's General Counsel within thirty calendar days of the date the Regional Director signed the response." *Owusu-Sakyi*, 2010 WL 3154833, at *3 (citations omitted).

Thus, where an inmate seeks federal *habeas* relief with respect to a condition of confinement, such as an RRC placement decision, she must demonstrate that she has exhausted all administrative remedies by complying with the Program or that the failure to do so should be excused. If she demonstrates neither, the petition must be denied as procedurally barred.

## II.   Petitioner Has Not Shown that She Exhausted Her Administrative Remedies

In her petition, Groysman only sets forth her grounds for challenging the BOP's RRC determination – *i.e.*, her "exemplary record" in prison, worsening health, and desire to take care of her 94-year-old mother – but gives no indication whether she complied, or even attempted to comply, with any step in the Program. There is no indication in the petition that Groysman sought any review, formal or informal, of the RRC decision. Groysman also fails to identify any circumstances that prevented her from complying with the Program or otherwise seeking administrative review of the RRC determination. The failure to make either showing bars the Court from considering her petition. *See Carmona*, 243 F.3d at 634 ("federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief", or show "cause

and prejudice" to excuse the procedural default); *Owusu-Sakyi*, 2010 WL 3154833, at *3 ("Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the court that the failure to exhaust should be excused."); *Atkinson v. Linaweaver*, No. 13-CV-2790, 2019 WL 547756, at *1 (S.D.N.Y. Oct. 2, 2013) ("[T]he Second Circuit has held in no uncertain term that an inmate must exhaust his administrative remedies prior to seeking relief under Section 2241.").

## CONCLUSION

Accordingly, because Petitioner has failed to demonstrate that she has exhausted her administrative remedies with regard to her challenge to the BOP's RRC decision or that she should be excused from doing so, the Court denies her petition, but with leave to renew, provided that she can demonstrate such exhaustion or cause for excusing the failure to exhaust. Should Petitioner choose to renew her petition, she shall file an amended petition by August 17, 2016, or this petition will be terminated and this case will be closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 1, 2016
      Brooklyn, New York